IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHRISTOPHER AARON VASS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:21-CV-373 (MTT) |
| | ) |
| THE STATE OF GEORGIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

In this 42 U.S.C. § 1983 action, United States Magistrate Judge Charles H. Weigle recommends granting the defendants' partial motion to dismiss (Doc. 48) on exhaustion grounds, or in the alternative, qualified immunity grounds. Doc. 56. Plaintiff Christopher Vass objects and argues the grievance process is unavailable because the process operated as a "simple 'dead end'" and because prison staff thwarted his attempts to exhaust. Doc. 57 at 2-3. As for qualified immunity, Vass argues the defendants are not entitled to that defense because of their personal involvement in the deprivation of his medical care. *Id*. at 4. Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews de novo the portions of the Recommendation to which Vass objects, and the remaining portions for clear error.

In *Ross v. Blake,* 136 S.Ct. 1850 (2016), the Supreme Court, while noting the PLRA "mandates that an inmate exhaust such administrative remedies as are available before bringing suit to challenge prison conditions," nonetheless recognized a "built-in exception to the exhaustion requirement: A prisoner need not exhaust remedies if they

are not 'available.'" [1]  *Id.* at 1854-55 (quotation marks and citation omitted).  The Supreme Court observed three kinds of circumstances in which an administrative remedy, although officially on the books, was not available: (1) when the administrative procedure "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use"; and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  *Id.* at 1859-60.  The Supreme Court recognized, however, that "[g]iven prisons' own incentives to maintain functioning remedial processes, we expect that these circumstances will not often arise."  *Id.* at 1859.

    Here, Vass argues the first and third "exceptions" apply.  Doc. 57 at 2-4.  With regard to the first "exception," Vass asserts that the grievance procedure is a simple dead end because the defendants refused to follow its own grievance procedures, intentionally delayed grievance processing, and "rubber-stamped" investigations."  *Id.* at 2.  But, as the Magistrate Judge noted, that same argument was rejected by the Eleventh Circuit.  Doc. 56 at 11 (citing *Garcia v. Obasi*, 2022 WL 669611, at *4 (11th Cir. Mar. 7, 2022)).  In *Garcia*, the plaintiff alleged "the warden did not respond to his grievance within 40 days or give him notice of an extension as required in the Grievance Procedure," and when an appeal was eventually filed, "the grievance coordinator denied receiving it and presumably did not forward it to the central office, and the central office

---

[1] The Eleventh Circuit also recognized the availability requirement under the PLRA almost a decade before the *Ross* decision.  *See, e.g.*, *Goebert v. Lee Cty.*, 510 F.3d 1312, 1322 (11th Cir. 2007).  Thus, *Ross*, in relevant part, was more of a cautionary reminder for courts to apply the "availability" standard "to the real-world workings of prison grievance systems."  *See Ross*, 136 S.Ct. at 1859.

never responded to it." 2022 WL 669611, at *4. Even so, the Eleventh Circuit reasoned Garcia's "dead end" argument was misplaced, because "the PLRA requires prisoners to properly complete each step of an available grievance process, even if the process is ultimately futile." *Id.* Accordingly, Vass has failed to demonstrate that the grievance procedure was unavailable as a "simple dead end."

As to the third "exception," Vass claims he "witnessed the Defendants tearing up and throwing away his grievances, ripping pens from his hands, modifying the words on his grievances, and processing his grievances slowly to create untimely submissions." Doc. 57 at 3. But as the Magistrate Judge pointed out in his Recommendation, "[t]here is no support for these allegations in the record." Doc. 56 at 13. Indeed, Vass's allegations that he was deterred from filing grievances is undermined by the fact that Vass filed thirty grievances while he was at Baldwin State Prison, at least eight of which were appealed. *Id.* at 13 (citing Doc. 48-2 at 29-31). Thus, Vass has failed to show that he was thwarted from using the grievance process.

After review, the Recommendation (Doc. 56) is **ADOPTED** and made the Order of the Court. Accordingly, the defendants' partial motion to dismiss (Doc. 48) is **GRANTED** on exhaustion grounds, and Vass's claims are **DISMISSED** without prejudice.[2] Only Vass's conditions of confinement claim based on second-hand smoke exposure and failure to protect claims remain. Because the defendants' motion has been resolved, the stay in this case (Doc. 50) is **LIFTED**, and the parties may proceed with discovery.

---

[2] Because the defendants are entitled to dismissal for failure to exhaust, the Court need not address Vass's objection with respect to qualified immunity, the Magistrate Judge's alternative grounds for dismissal. Docs. 56 at 15-18; 57 at 4.

-4-

**SO ORDERED**, this 3rd day of March, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

-4-

**SO ORDERED**, this 3rd day of March, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT